## UNITED ATLANTIC & AMERICAN STEEL CORP v FRITZ-RUMER-COOK CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2083. Decided Nov 2, 1931

B. F. Levinson, Columbus, for plaintiff in error.

James N. Linton, Columbus, for defendant in error.

KUNKLE, J.

The witness Weill, at pages 3, etc., of the record describes his visit to the place of business of the defendant in error and his statement to some one in the office that he had some special tool steel that he desired to sell and was told by such person in the main office of defendant in error that he would have to go to the field office where they had a job for certain work for the Pennsylvania Railroad Company; that he went to the field office and approached Heacock and secured from him the order in question and sent it to his company, the plaintiff in error and plaintiff in error filled the order and shipped the steel.

This order signed by Heacock is introduced in evidence.

It is claimed that Heacock had no authority whatever to make any purchases for the defendant in error, except as he might be directed so to do by Mr. William A. Fritz, the president and general manager of defendant in error; that defendant in error had no use whatever for this steel; that Mr. Heacock's duties consisted merely in checking in the materials so ordered by Mr. Fritz upon their arrival on this job; that he had no authority whatever to purchase goods or order the purhase of the same.

The testimony clearly shows that Heacock was without authority to make the purchase in question. The only question for consideration is, was he placed in such a position of apparent authority as to justify the agent of plaintiff in error in relying upon his having authority to make the purchase in question. Heacock is not called as a witness as it appears that he is now in the Penitentiary.

The trial court, at page 42 of the record in disposing of the motion for a directed verdict, finds that "the uncontradicted facts are that Mr. Fritz was the sole purchasing authority in this partnership, and that Mr. Heacock had no power whatever or authority to make purchases; and that there was not a scintilla of evidence that Mr. Heacock had authority to make this purchase."

Upon a consideration of the entire record we are of opinion that there is no error therein prejudicial to plaintiff in error, and the judgment of the lower court will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.